NOT DESIGNATED FOR PUBLICATION

No. 129,229

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM SCOTT MCCONNELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: Following his criminal conviction and award of probation, the district court revoked Adam Scott McConnell's probation and imposed his prison sentence. McConnell now challenges the criminal history score used in his sentencing for the first time on appeal. He claims his prior criminal threat conviction should not have been scored in his criminal history because the reckless disregard version of the criminal threat statute was deemed unconstitutional. We disagree and affirm the district court.

1

*Background*

In August 2024, the State charged McConnell with one count of possession of methamphetamine, a drug severity level 5 nonperson felony, in violation of K.S.A. 21-5706(a), and one count of possession of drug paraphernalia, a class B misdemeanor, in violation of K.S.A. 21-5709(b)(2).

The State and McConnell reached a plea agreement that was either not included in the record on appeal or was not memorialized in writing, so the exact terms are unclear. Regardless, a review of the record indicates that McConnell agreed to plead guilty to possession of methamphetamine in exchange for his second charge being dropped and the parties agreeing to probation as the intended sentencing outcome.

The case proceeded to sentencing on February 7, 2025. The sentencing court determined his criminal history score was A. This determination relied partially on a 2012 Cloud County conviction that was only noted as "criminal threat" on the presentence investigation (PSI) report. McConnell made no objection to his criminal history at sentencing and agreed it was correctly presented on the PSI report. In accordance with the plea agreement, the district court granted a downward dispositional departure and sentenced McConnell to 36 months of probation with an underlying sentence of 40 months of incarceration.

Three months later, on May 16, 2025, the district court revoked McConnell's probation because he had committed a new crime—possession of methamphetamine—and the district court ordered him to serve the underlying 40-month prison sentence.

McConnell timely appealed.

*Analysis*

As attachments to their appellate briefs, pursuant to K.S.A. 21-6814(d), both parties offered documents to show whether prejudicial error exists. McConnell attached a copy of his 2012 Cloud County criminal threat journal entry of judgment. The State attached copies of the tender of plea, complaint, and journal entry from the plea hearing in the Cloud County case. Whether the district court erred in calculating McConnell's criminal history score can be determined by review of these documents.

An illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1). Here, McConnell argues his sentence is illegal because it fails to conform to the applicable statutory provision in character or punishment. An incorrect criminal history score would create an illegal sentence. See *State v. Allison*, 321 Kan. 592, 595, 582 P.3d 549 (2026).

An illegal sentence may be corrected at any time, even if the argument is first raised on appeal, as McConnell does here. See K.S.A. 22-3504(a); *State v. Gomez*, 320 Kan. 3, 22, 561 P.3d 908 (2025). "Whether a sentence is illegal is a question of law that is subject to de novo appellate review." *State v. Johnson*, 320 Kan. 246, 247, 564 P.3d 782 (2025).

"Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 21-6810(d)(9). McConnell argues that his prior criminal threat conviction falls within this statutory exception to crimes that are to be included in an offender's criminal history because a portion of that statute was at one time ruled unconstitutional. In Kansas, criminal threat requires either "intent to place another in

3

fear" or "reckless disregard of the risk of causing such fear." K.S.A. 21-5415(a)(1). In 2019, the Kansas Supreme Court found the "reckless disregard" means of criminal threat unconstitutional. *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019). However, *Boettger* was effectively overruled by *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023).

When challenging criminal history for the first time on appeal, "the offender shall have the burden of designating a record that shows prejudicial error." K.S.A. 21-6814(d); see *State v. Daniels*, 319 Kan. 340, 346-48, 554 P.3d 629 (2024). Although the offender bears the burden of proof, both parties can provide documents to prove or disprove the existence of prejudicial error. K.S.A. 21-6814(d).

Here, the PSI shows McConnell had two person felonies and five person misdemeanors. Three of the misdemeanors were converted into one person felony. If one of McConnell's person felonies were not included, he would only have two person felonies, lowering his criminal history score from A to B. See K.S.A. 21-6805(a). To achieve this lower score, McConnell now asserts that the criminal threat conviction should not have been counted because the criminal threat statute was found to be unconstitutional. To not count that score would lower his criminal history score to a B and, as a result, reduce his sentence.

McConnell relies on *State v. Smith*, 320 Kan. 62, 563 P.3d 697 (2025), for support. *Smith* holds that the language of K.S.A. 21-6810(d)(9) is satisfied if a decision exists that finds the statute to be unconstitutional. And although *Boettger*, which held the reckless disregard version of the criminal threat statute to be unconstitutional, was later effectively overturned by the United States Supreme Court in *Counterman*, a "*subsequent repudiation*[] of an appellate court's holding that a statute is unconstitutional" does not affect this result. *Smith*, 320 Kan. at 91. McConnell is correct that *Smith* makes the overruling of *Boettger* irrelevant, and a conviction under a statute found to be

unconstitutional at one point should not be counted in McConnell's criminal history score. See, e.g., *State v. Hatley*, No. 126,498, 2026 WL 252906, at *2-3 (Kan. App. 2026) (unpublished opinion).

However, *Boettger* only found the *reckless* version of criminal threat to be unconstitutional. *Smith*, 320 Kan. at 91. So, if McConnell was convicted of *intentional* criminal threat, counting that conviction when calculating his criminal history score would be proper. See *State v. Vicknair*, No. 126,868, 2026 WL 184357, at *3 (Kan. App. 2026) (unpublished opinion) ("[I]f the prior criminal threat conviction was under the intentional portion of the statute, which remained constitutional after *Boettger*, it may properly be included in the offender's criminal history score."), *rev. denied* 322 Kan. ___ (April 30, 2026); *State v. Self*, No. 126,292, 2025 WL 3687217, at *15 (Kan. App. 2025) (unpublished opinion) ("The State thus showed the district court that Self's conviction in 2013 was more likely than not for intentional criminal threat. No more is required."), *rev. denied* 322 Kan. ___ (May 19, 2026).

Our court has been confronted with similar challenges. For example, in a recent case, *State v. Leach*, the defendant's PSI report contained a prior criminal threat conviction, and the defendant did not object to the score or PSI. *Leach*, No. 129,028, 2026 WL 1706753 (Kan. App. 2026) (unpublished opinion), *petition for rev. filed* July 9, 2026. Leach later raised a challenge to his criminal history score for the first time on appeal, claiming the inclusion of his prior criminal threat conviction created an illegal sentence. While the journal entry provided by Leach was inconclusive as to the type of criminal threat, the State provided the plea agreement and amended charging document showing he was charged with and pleaded to intentional criminal threat.

The facts in *Leach* align with the case at hand. McConnell did not notify the district court of any errors in his proposed criminal history, he admitted the criminal history was correct, and he challenges his criminal history for the first time on appeal.

5

The burden has shifted to McConnell to prove his criminal history. See K.S.A. 21-6814(c); *Daniels*, 319 Kan. at 346-48.

As noted, both parties are allowed to provide documents on appeal to show or refute a claim of prejudicial error in sentencing under K.S.A. 21-6814(d). McConnell provided the journal entry of judgment from the 2012 Cloud County criminal threat conviction, but nothing in that document establishes what version of the crime McConnell was charged with or convicted of. The State provided the complaint from McConnell's 2012 conviction, the plea agreement in that case, and the journal entry from the plea hearing. The complaint clearly describes Count 1, in part, as "a threat to commit violence *with the intent* to terrorize another." (Emphasis added.) Although neither the plea agreement nor the journal entry spell out the type of criminal threat, neither document makes a change to the charging document, and the journal entry records the court finding McConnell guilty on Count 1. We may take judicial notice of these documents to determine if prejudicial error exists under K.S.A. 21-6814(d).

By only attaching the journal entry of judgment that lacks the elements of the crime he was charged with, McConnell fails to show by a preponderance of the evidence he was charged with the reckless disregard version of criminal threat. See K.S.A. 21-6814(c); *Daniels*, 319 Kan. at 349 (implying that a journal entry outlining the elements of conviction would carry the burden). McConnell's burden when challenging his criminal history after sentencing is not to point out ambiguity; he must prove his criminal history by a preponderance of the evidence. See K.S.A. 21-6814(c). He fails to do so.

The State's documents refute McConnell's claim of prejudicial error. The inclusion of "intent" in Count 1, McConnell's resulting plea, and the court's journal entry of judgment, together, are evidence of McConnell being convicted of intentional criminal threat.

6

Because McConnell did not overcome the burden of proving prejudicial error in calculating his criminal history score, we affirm the district court's sentence.

Affirmed.